JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROBERT KOPISHKE
DIANE KOPISHKE

**DEFENDANTS**

POLICE CHIEF PETER WAYDA
C/O WALNUTPORT BOROUGH, et al.

**(b)** County of Residence of First Listed Plaintiff  Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* ( 215-546-6033 )
Dion & Goldberger
Benson I. Goldberger
1845 WAlnut St., Ste. 1199, Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331 & 1343 and 42 U.S.C. Sections 1983 and 1988

Brief description of cause:
Civil Rights - excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ greater than $175,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY  N/A
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE 3/17/17

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 337 E. Paoli Street, Allentown, PA 18103

Address of Defendant: 417 Lincoln Avenue, WAlnutport, PA 18088 and 125 South WAlnut St. Slatington, PA 18080

Place of Accident, Incident or Transaction: 256.5 Walnut Street, Slatington, PA 18080

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒X

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒X

*RELATED CASE, IF ANY:* N/A

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Benson I. Goldberger , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/17/17    Benson I. Goldberger    59442

Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/17/17    Benson I. Goldberger    59442

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROBERT KOPISHKE | : | CIVIL ACTION |
| DIANE KOPISHKE | : | |
| v. | : | |
| POLICE CHIEF PETER WAYDA | : | |
| C/O WALNUTPORT BOROUGH, ET AL: | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )


| 3/17/17 | Benson I. Goldberger | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-546-6033 | 215-546-6269 | bgoldbergerlaw@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DION-GOLDBERGER
ATTORNEYS AT LAW
BY: BENSON I. GOLDBERGER
IDENTIFICATION NO.:  59442
1845 WALNUT STREET, STE. 1199                    ATTORNEY FOR PLAINTIFF
PHILADELPHIA, PA. 19103
(215) 546-6033

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KOPISHKE | :  JURY TRIAL DEMANDED |
| DIANE KOPISHKE | : |
| 337 E. PAOLI STREET | : |
| ALLENTOWN, PA. 18103 | : |
| | : |
| V. | :  CIVIL ACTION |
| POLICE CHIEF PETER WAYDA | : |
| C/O  WALNUTPORT  BOROUGH | : |
| 417 LINCOLN AVE. | : |
| WALNUTPORT, PA. 18088 | : |
| AND | : |
| WALNUTPORT  BOROUGH | : |
| 417 LINCOLN AVE. | : |
| WALNUTPORT, PA. 18088 | : |
| AND | : |
| SERGEANT DAVID ALERCIA | : |
| C/O  BOROUGH OF SLATINGTON | : |
| 125 SOUTH WALNUT STREET | : |
| SLATINGTON, PA.  18080 | : |
| AND | : |
| BOROUGH OF SLATINGTON | : |
| 125 SOUTH WALNUT STREET | : |
| SLATINGTON, PA.  18080 | : |
| AND | : |
| POLICE OFFICER JOHN DOES #1-99 | : |
| | : |

**CIVIL ACTION COMPLAINT**

## I.   JURISDICTION AND VENUE

1. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. 1331 and 1343, and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

2. Venue is proper under 28 U.S.C. 1391(b) because all of the causes of action upon which the complaint is based arose in the Borough of Slatington and County of Lehigh, Commonwealth of Pennsylvania, which is in the Eastern District of Pennsylvania.

## II.   PARTIES

3. Plaintiff, Robert Kopishke, is an adult citizen of Pennsylvania, residing as captioned, and is an adult male.

4. Plaintiff, Diane Kopishke, is an adult citizen of Pennsylvania, residing as captioned and is an adult female.

5. Defendant, Walnutport Borough is a municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

6. Defendant, Police Chief Peter Wayda, was at all material times the police chief of Walnutport Borough, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

7. Defendant, Borough of Slatington is a municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

8.     Defendant, Sergeant David Alercia, was at all material times a police officer, acting under the color of law and in the course and scope of his employment as a police officer for Borough of Slatington, and is being sued in both his official and individual capacities.

9.     Police Officers John Does #1-99, were at all material times police officers in the Walnutport Borough and/or Borough of Slatington police departments, acting under the color of law and in the course and scope of their employment, and are being sued in both their official and individual capacities.

## III.    OPERATIVE FACTS

10.     Plaintiff Robert Kopishke has been disabled since 2012 with a diagnosis of Parkinson's disease and back pain secondary to degenerative joint disease of the cervical, thoracic, and lumbar spines.

11.     On or about April 8, 2015, at approximately 11:00 a.m., Plaintiff Robert Kopishke received a phone call from his son's fiancé, Dawn Brensinger, regarding a domestic argument between her and his son, Sean Michael Kopishke.

12.     Upon receiving the phone call from Dawn Brensinger, Plaintiff Robert Kopishke traveled to his son's residence located at 256.5 Walnut Street, Slatington, Pa. 18080 in order to defuse the argument between his son Sean Michael Kopishke and his son's fiancé Dawn Brensinger.

13.     Upon his arrival at his son's residence, Dawn Brensinger and Sean Michael Kopishke continued to argue in the living room of the property until Sean Michael Kopishke exited the living room and walked upstairs to his bedroom at which time Plaintiff Robert Kopishke heard a gun shot coming from the upstairs bedroom.

14. Plaintiff Robert Kopishke rushed upstairs and found his son on the floor with a self-inflicted gun shot wound to the head.

15. Police officers from the Borough of Slatington police department and Walnutport Borough police department were called and arrived on the scene.

16. Plaintiff Robert Kopishke was asked to leave the house so that police and emergency medical service personnel could attend to his son.

17. Plaintiff Robert Kopishke complied with the request to leave the house and sat on the front porch of the house waiting for additional information regarding his son's medical condition.

18. While sitting on the front porch, he was engaged in conversation with Defendant Sergeant David Alercia and Defendant Police Chief Peter Wayda during which time he was asked why he used a four point cane to walk and advised both Defendant Sergeant David Alercia and Defendant Police Chief Peter Wayda about his pre-existing medical conditions, including his Parkinson's disease and degenerative joint disease.

19. After approximately 20-30 minutes, Plaintiff Robert Kopishke observed a coroner's van pull-up to the property, at which time Robert Kopishke stood up and walked toward the front door of the house.

20. Defendant Sergeant David Alercia was standing between Plaintiff Robert Kopishke and the front door, and as Plaintiff Robert Kopishke approached the front door he dropped his cane, at which time Defendant David Alercia grasped the biceps of both his arms to prevent him from falling.

21. While being held by the biceps by Defendant David Alercia, Plaintiff Robert Kopishke

stated that he needed to see his son and that his son needed him.

22.    Defendant Sergeant David Alercia said to Plaintiff Robert Kopishke that he did not need to see that again, referring to his son's self-inflicted gun shot wound, when, suddenly and without any warning or command, Defendant Police Chief Peter Wayda, said "take him to the ground" at which time Defendant Police Chief Peter Wayda tackled Robert Kopishke causing him to be slammed face first onto the porch floor, without probable cause, against Plaintiff's will, and notwithstanding the fact that plaintiff had committed no crime and posed no threat to the officers or any other person, and with excessive force that was not reasonable or necessary under the circumstances.

23.    While prone and face first on the ground, Defendant Police Chief Peter Wayda grabbed the left arm of Plaintiff Robert Kopishke, placing it in an arm bar behind his back, at which time Plaintiff Robert Kopishke advised Defendant Wayda that he was hurting him.

24.    In response to being told by Plaintiff Robert Kopishke that he was hurting him, Defendant Police Chief Peter Wayda, violently and without warning, and without probable cause, against Plaintiff's will, notwithstanding the fact that plaintiff had committed no crime and posed no threat to the officers or any other person, and with excessive force that was not reasonable or necessary under the circumstances,  further forcibly twisted Plaintiff Robert Kopishke's left arm behind his back and stated,  "then you need to stop acting like an ass and be a gentleman.."

25.    Upon having his left arm further forcibly twisted behind his back, Plaintiff Robert Kopishke  screamed out as a result of feeling a searing and burning pain in his left shoulder caused by the actions of Defendant Police Chief Peter Wayda.

26.    Defendant Police Chief Peter Wayda finally released  Plaintiff Robert Kopishke's left arm from its forcibly extended position behind his back and asked Plaintiff Robert Kopishke if he was "ok.'

27.    Plaintiff Robert Kopishke advised Defendant Police Chief Peter Wayda that he injured his left shoulder and back as result of the actions of Defendant Police Chief Wayda.

28.    Plaintiff Robert Kopishke was not arrested or charged with a crime as a result of the aforesaid incident.

29.    Plaintiff Robert Kopishke was given an ice pack for his shoulder by an emergency medical technician while at the scene of the incident.

30.    As a result of having his left arm being violently and forcibly twisted behind his back by Defendant Police Chief Peter Wayda, Plaintiff Robert Kopishke sustained severe personal injuries, including, but not limited to a left labral tear, full thickness rotator cuff tear, and aggravation of underlying degenerative disc disease of the lumbar spine.

31.    As a result of the injuries sustained to his left shoulder, Plaintiff Robert Kospishke had arthroscopic surgery on his left shoulder consisting of labral debridement of the labral tear, subacromial decompression with acromioplasty, and rotator cuff repair.
caused by the Defendants, aforesaid.

32.    Plaintiff Robert Kopishke did not violate any criminal statutes of the Commonwealth of Pennsylvania on April 8, 2015.

33.    All defendants/police officers on the scene were under the direct control, command, and supervision of defendant, Police Chief Peter Wayda.

34.     Defendant Police Chief Peter Wayda, is being sued in his individual capacity on Plaintiff's claims for Excessive Force, Conspiracy, and Bystander Liability and is being sued in his official capacity on Plaintiff's Monell clam as the person at Walnutport Borough with final decision making authority over the policies, practices, customs and training related to Fourth Amendment seizures and prohibition of the use of excessive force against citizens by the Walnutport Borough Police Department and as the person with the ultimate supervisory authority over the officers, agents and/or employees of defendant, Walnutport Borough and its police department.

35.     Defendant Police Chief Peter Wayda maintained a policy and/or custom of allowing himself, as well as other Walnutport borough police officers, and/or other police officers who he supervised, and specifically the above named police officers, to use unreasonable force against the citizens of Pennsylvania.

36.     As the direct and proximate result of the Walnutport Borough police department and Walnutport Borough's unconstitutional custom or policy, and the acquiescence and direct conduct by Police Chief Peter Wayda, the Plaintiff Robert Kopishke's constitutional rights were violated and he was severely injured.

37.     As the proximate result of using unreasonable force against the Plaintiff, Defendant Sergeant David Alercia, Defendant Police Chief Peter Wayda, and Defendant Police Officers John Does #1-99, violated of plaintiff Robert Kopishke's rights under the Fourth and Fourteenth Amendments of the United States Constitution and the Pennsylvania Constitution.

38.     As the proximate result of using unreasonable force against the Plaintiff Robert

Kopishke, Defendant Sergeant David Alercia, Defendant Police Chief Peter Wayda, and

Defendant Police Officers John Does #1-99, caused the Plaintiff Robert Kopishke to suffer

extreme physical harm, emotional harm and economic loss, including the necessity to spend

various sums for medical treatment for the injuries he sustained.

**COUNT I - 42 U.S.C.  Sections 1983, AND 1988
AND PENNSYLVANIA CONSTITUTION
UNREASONABLE FORCE
ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER
WAYDA, AND POLICE OFFICERS JOHN DOES #1-99**

39.     Paragraphs 1 through 38 are incorporated herein by reference, as though each were fully

set forth herein at length.

40.     As aforesaid, defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police

Officers John Does #1-99, acting within the course and scope of their employment, under the

color of state law, and pursuant to the customs, policies, and practices of the Borough of

Slatington Police Department and Walnutport Borough Police Department; deprived plaintiff of

his rights, privileges and immunities under the Laws and Constitutions of Pennsylvania and the

United States; in particular, the right to be free the excessive or unreasonable use of force by an

officer; which violated the plaintiff's rights under the Fourth  and Fourteenth Amendments to the

Constitution of the United States, and the laws and Constitution of Pennsylvania.

41.     As aforesaid, defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police

Officers John Does #1-99,, acting within the course and scope of their employment, under the

Color of State Law, and pursuant to the customs, policies and practices of the Borough of

Slatington Police Department and Walnutport Borough Police Department, as well as Borough of Slatington and Walnutport Borough, intentionally and maliciously assaulted and battered plaintiff, Robert Kopishke, and placed him in fear of imminent bodily harm without just cause or provocation, all of which actions violated the plaintiff Robert Kopishke's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws and Constitution of Pennsylvania.

42.   As aforesaid, defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the Borough of Slatington Police Department and Walnutport Borough Police Department, as well as Borough of Slatington and Walnutport Borough, and maliciously assaulted and battered, plaintiff, Robert Kopishke and used their positions of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the law and Constitution of Pennsylvania.

43.   As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, Plaintiff Robert Kopishke suffered injuries which are described above.

44.   The above described actions of the defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99,, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and

well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. Section 1983, and Section 1988, and the Pennsylvania Constitution, plaintiff, Robert Kopishke demands compensatory damages against defendants, Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, jointly and/or severally, and punitive damages against defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

**COUNT II - 42 U.S.C. § 1983**
**UNREASONABLE SEIZURE**
**ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99**

45.    Paragraphs 1 through 44 are incorporated herein by reference, as though each were fully set forth herein at length.

46.    As described above, the defendants, intentionally and maliciously seized the plaintiff without probable cause, without privilege and against the plaintiff's will, in violation of Plaintiff, Robert Kopishke's Fourth Amendment right to be free from unreasonable seizures.

47.    The defendant did not have probable cause or reasonable suspicion to stop the Plaintiff or to cause the Plaintiff to be seized on the date of the incident.

48.    As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, the Plaintiff Robert Kopishke sustained injuries which are more fully described above, including the loss of his liberty and emotional distress.

49.     The above-described actions of defendants were so malicious and reckless and displayed such a reckless indifference to the Plaintiff, Robert Kopishke's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Robert Kopishke, demands compensatory and punitive damages against defendants, Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, jointly and/or severally, and punitive damages against defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

**COUNT III - 42 U.S.C. §1983**
**CUSTOM, POLICY AND PRACTICE - MONELL CLAIM**
**ROBERT KOPISHKE V. WALNUTPORT BOROUGH AND POLICE CHIEF PETER WAYDA**

50.     Paragraphs 1 through 49 are incorporated herein by reference, as though each were fully set forth herein at length.

51.     The Plaintiff, Robert Kopishke, believes and therefore avers that defendants, Walnutport Borough and/or Police Chief Peter Wayda, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence in the use of excessive force by its police officers; systematically physically abusing individuals and subjecting them to the same type of treatment to which plaintiff was subjected, which policy constitutes unlawful seizures and the use of excessive force in violation of the Fourth and First Amendments of the Constitution of the United States.

52.     The Plaintiff believes and therefore avers that defendants, Walnutport Borough and/or Police Chief Peter Wayda, have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline officers, including the individual defendants, Sergeant David Alercia and Police Chief Peter Wayda, regarding constitutional restraints on the use of force, and seizures without probable cause, which policy violates the Fourth  and Fourteenth Amendments of the Constitution of the United States.

53.     The defendants, Walnutport Borough and/or Police Chief Peter Wayda, have been deliberately indifferent to the rights of citizens to be free from the use of excessive force and unlawful seizure in violation the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

54.     The Plaintiff believes and therefore aver, that at the time of the aforementioned incident, defendants, Walnutport Borough and/or Police Chief Peter Wayda, knew or should have known of the above described policy, practice and/or custom of the Walnutport Borough Police, and that it deliberately, knowingly, and recklessly failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, discipline, and control of the officers, agents, and/or employees of the Walnutport Borough Police Department, including the named defendants.

55.     The Plaintiff believes and therefore avers that the defendants, Walnutport Borough and/or Police Chief Peter Wayda, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which officers unlawfully used unjustifiable and/or excessive force, and seized persons without probable cause, which allows

for and results in an encouragement to officers within the Walnutport Borough Police Department to continue doing same, and creates policies, practices and/or customs allowing officers to proceed in this manner and creates an atmosphere for the allowance of the use of excessive force and unlawful seizure without fear of punishment.

56.   By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, and by directly taking part in the unconstitutional use of force and seizures without probable cause, defendants, Walnutport Borough and/or Police Chief Peter Wayda, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the Plaintiff's rights under Fourth and Fourteenth Amendments of the Constitution of the United States.

57.   As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Walnutport Borough and/or Police Chief Peter Wayda, Plaintiff suffered injuries as described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff demands compensatory damages against defendant, Walnutport Borough and/or Police Chief Peter Wayda in his official capacity, in an amount sufficient to fairly and adequately compensate the plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT IV**
**42 U.S.C. 1983 AND 1988**
**CONSPIRACY**
**ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99**

58.    Paragraphs 1 through 57 are incorporated herein by reference, as fully as though each were set forth herein at length.

59.    Defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99 entered into an agreement or meeting of the minds to harm the Plaintiff and deny the Plaintiff his privileges under the Constitution of the United States by using excessive for and unlawfully seizing the Plaintiff.

60.    As a direct and proximate result of the agreement between the aforementioned defendants, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and Pennsylvania Constitution were violated and he suffered emotional harm and substantial economic loss.

**WHEREFORE**, Plaintiff, Robert Kopishke, demands compensatory and punitive damages against defendants, Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, jointly and/or severally, and punitive damages against defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

## COUNT V
### 42 U.S.C. 1983 AND 1988
### BYSTANDER LIABILITY
### ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99

61.    Paragraphs 1 through 60 are incorporated herein by reference, as fully as though each

were set forth herein at length.

62.     Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, were present when the Plaintiff's constitutional rights were violated by using unreasonable force and unlawful seizure of the Plaintiff.

63.     Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, knew or had reason to know that they did not have probable cause to seize the Plaintiff and that the Plaintiff's constitutional rights were being violated due to the use of unreasonable force by the Defendants, and said Defendants had realistic opportunities to intervene and prevent the harm from occurring, but failed to do so.

64.     Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

**WHEREFORE**, Plaintiff, Robert Kopishke, demands compensatory and punitive damages against defendants, Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, jointly and/or severally, and punitive damages against defendants Sergeant David Alercia, Police Chief Peter Wayda, and Police Officers John Does #1-99, in their individual capacity, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99

65.     Paragraphs 1 through 64 are incorporated herein by reference, as fully as though each were set forth herein at length.

66.     Plaintiff believes and therefore avers that the defendants, David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

67.     The above-described malicious, intentional, and/or reckless acts and omissions of Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

68.     The above-mentioned malicious, intentional, and/or reckless acts and omissions of Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99 caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

69.     As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, the plaintiff suffered injuries which are described above.

70.     The above-described actions of Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, were so malicious and intentional and displayed such a reckless

indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Robert Kopishke, demands compensatory and punitive damages against Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

**COUNT VII**
**STATE LAW**
**ASSAULT AND BATTERY**
**ROBERT KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99**

71. Paragraphs 1 through 70 are incorporated herein by reference, as fully as though each were set forth herein at length.

72. Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

73. Plaintiff specifically complains of the conduct of defendants, David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, in physically abusing the plaintiff, Robert Kopishke, as aforesaid..

74. The above-described actions of defendants placed the plaintiff, Robert Kopishke, in reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and

improperly assaulted and abused against his will.

75.     As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, the plaintiff suffered injuries which are described above.

76.     The above-described actions of defendants, David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Robert Kopishke, demands compensatory and punitive damages against the Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, jointly and/or severally, for the common law tort of assault and battery in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

**COUNT VIII**
**LOSS OF CONSORTIUM**
**DIANE KOPISHKE v. SERGEANT DAVID ALERCIA, POLICE CHIEF PETER WAYDA, AND POLICE OFFICERS JOHN DOES #1-99**

77.     Paragraphs 1 through 76 are incorporated herein by reference, as fully as though each were set forth herein at length.

78.     As a result of the acts of the Defendants as set forth above, Plaintiff Diane Kopishke, wife and spouse of Plaintiff Robert Kopishke, had to expend time and monies for the care and treatment of her husband, plaintiff Robert Kopishke.

79.    As a result of the acts of the Defendants as set forth above, Diane Kopishke was deprived of the care and companionship of Plaintiff Robert Kopishke.

80.    As a result of the acts of the Defendants as set forth above, Plaintiff Diane Kopishke has endured great pain and suffering.

**WHEREFORE**, plaintiff, Diane Kopishke, demands compensatory damages against the Defendants David Alercia, Police Chief Peter Wayda and Police Officers John Does #1-99, jointly and/or severally, for the her claim of loss of consortium of her husband Robert Kopishke in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus cost, interest, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,

Date:  March 17, 2017                    BY: _____
                                         Benson I. Goldberger, Esquire
                                         Attorney for Plaintiffs Robert Kopishke and
                                         Diane Kopishke